COURT OF APPEALS OF VIRGINIA

Record No. 0080-25-4

JANICE WOLK GRENADIER

v.

WELLS FARGO BANK, NATIONAL ASSOCIATION, AS TRUSTEE

Before: Judges Malveaux, Bernhard and Senior Judge Annunziata

Opinion Issued August 4, 2026[*]

**FROM THE CIRCUIT COURT OF THE CITY OF ALEXANDRIA**
Paul M. Peatross, Jr., Judge Designate

(Janice Wolk Grenadier), *pro se.*

(Elizabeth M. Briones; Troutman Pepper Locke LLP, on brief), for appellee. Appellee submitting on brief.

**MEMORANDUM OPINION BY**
**JUDGE DAVID BERNHARD**

Wells Fargo Bank, National Association, as Trustee, obtained an unlawful detainer

judgment against Janice Wolk Grenadier in the City of Alexandria General District Court ("GDC").

Grenadier noted an appeal to the circuit court, but the circuit court dismissed the appeal[1] for her

failure to post an appeal bond and remanded the case back to the GDC. Grenadier appealed to this

Court, arguing that the GDC's judgment is void ab initio because the case had been removed to

federal court when the judgment was entered, and that the circuit court therefore erred in requiring a

bond to challenge a void judgment. We agree. The bond that Code § 16.1-107 requires secures an

---

[*] This opinion is not designated for publication. *See* Code § 17.1-413(A).

[1] The circuit court styled its disposition a remand to the GDC. In substance it dismissed the appeal for failure to post the required bond—a ruling that ordinarily leaves the district court's judgment in effect. *See* Code § 16.1-109(A). We describe the ruling as a dismissal to reflect its substance and to avoid confusion with the earlier federal remand.

appealable judgment; because the GDC's judgment is void ab initio, no bond was required to bring its invalidity before the circuit court. Consequently, we vacate the circuit court's order as further set forth below.[2]

BACKGROUND

Wells Fargo filed an unlawful detainer action against Grenadier in the GDC. On November 9, 2022, the day before trial, Grenadier removed the case to the United States District Court of the District of Columbia under 28 U.S.C. § 1441. On November 17, 2022, the federal district court, sua sponte, found the removal improper and remanded the case to the GDC. On December 14, 2022, Grenadier then appealed the federal remand order to the United States Court of Appeals for the District of Columbia. On October 12, 2023, the federal appellate court reversed the "premature" remand and instructed the district court to comply with the relevant statutes to evaluate alleged procedural defects.

On February 16, 2024, Wells Fargo moved the federal district court to remand the case to the GDC. Before obtaining the federal remand order, the GDC heard evidence and entered judgment against Grenadier on February 28, 2024; the order set an appeal bond of $38,800. The federal district court remanded the case to the GDC on March 8, 2024.

Grenadier appealed the GDC judgment to the circuit court. Wells Fargo moved the circuit court to remand the matter to the GDC, because Grenadier had failed to pay the appeal bond. After a hearing, the circuit court granted the motion by final order entered on October 15, 2024. Grenadier appealed.

---

[2] The panel unanimously agrees that oral argument is unnecessary because "the facts and legal arguments are adequately presented in the briefs and record, and the decisional process would not be significantly aided by oral argument." Code § 17.1-403(ii)(c); Rule 5A:27(c).

ANALYSIS

A defendant in a state civil action may seek to remove the matter to federal court. 28 U.S.C. § 1441(a). Whether or not the removal ultimately proves proper, compliance with the removal procedure suspends the state court's jurisdiction. To remove, the defendant must file a notice of removal in both the federal and state court within 30 days of service of the complaint or summons. 28 U.S.C. § 1446(a),(b).

> Promptly after the filing of such notice of removal of a civil action the defendant or defendants shall give written notice thereof to all adverse parties and shall file a copy of the notice with the clerk of such State court, which shall effect the removal and *the State court shall proceed no further unless and until the case is remanded*.

28 U.S.C. § 1446(d) (emphasis added). "After compliance with the removal statute[,] the jurisdiction of the state court is suspended until there has been a remand." *Lewis v. C.J. Langenfelder & Son, Jr., Inc.*, 266 Va. 513, 518 (2003) (alteration in original) (quoting *Levine v. Lacy*, 204 Va. 297, 300 (1963)). The "later determination that the removal petition was not proper does not change that outcome." *Id.* Whether the removal was proper—including whether the notice was filed in the correct federal district—was thus a question committed to the federal courts, which alone determine their own jurisdiction over a removed case. The federal courts resolved that question here: the district court entertained the removed case, the federal appellate court directed the district court to follow the statutory procedure for evaluating alleged procedural defects, and the district court thereafter remanded the case. Unless and until that remand issued, the GDC could "proceed no further." 28 U.S.C. § 1446(d). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Once the federal court has determined a remand is necessary, it shall issue a "certified copy of the order of remand" to the state court clerk. *Id.* "The State court may thereupon proceed with such case." *Id.*

- 3 -

But "[u]nless and until there is a remand of th[e] case from the federal district court, neither the circuit court nor this Court can proceed any further with the action." *Lewis*, 266 Va. at 518 (citing 28 U.S.C. § 1446(d)). Any actions taken by the state court before remand "are void ab initio." *Id.* (quoting *Maseda v. Honda Motor Co.*, 861 F.2d 1248, 1254-55 (11th Cir. 1988)). "A judgment which is void ab initio is a judgment so affected by a fundamental infirmity that it is no judgment at all." *Manley v. Commonwealth*, 86 Va. App. 308, 318 (2025) (quoting *Hannah v. Commonwealth*, 303 Va. 106, 119 (2024)). "It is a legal nullity from which no rights can be created or divested, binding no one and barring no one." *Id.* (quoting *Hannah*, 303 Va. at 119). Whether a lower court's order is void ab initio "presents a pure question of law, which this Court reviews de novo." *Commonwealth v. Moncrea*, ___ Va. ___, ___ (Apr. 2, 2026) (quoting *Collins v. Shepherd*, 274 Va. 390, 397 (2007)).

The record clearly establishes that the GDC lacked jurisdiction to enter its judgment against Grenadier because the federal court had not remanded the matter. *Lewis*, 266 Va. at 518. Consequently, the unlawful detainer judgment is void ab initio. *Id.* The federal district court's initial remand order does not alter this conclusion. The federal appellate court reversed that order in October 2023, leaving the case as though no remand had been entered, and the matter thus remained pending in the federal district court until remanded on March 8, 2024. When the GDC heard evidence and entered judgment on February 28, 2024, no operative remand existed, and the GDC's jurisdiction remained suspended.[3]

Wells Fargo contends, and the circuit court agreed, that Grenadier's appeal failed for want of an appeal bond. *See* Code § 16.1-107. Ordinarily that would end the matter. An appeal from the

---

[3] Because our decision disposes of this appeal, "we do not reach the merits of [Grenadier's remaining] assignments of error, nor is it necessary to summarize the facts relevant to those alleged errors." *Lewis*, 266 Va. at 518 n.5. Grenadier's pending motions before this Court are likewise rendered moot and therefore not addressed.

- 4 -

GDC to the circuit court is purely statutory, and when a bond is required to perfect such an appeal, the requirement is jurisdictional: the circuit court acquires no power over the appeal until the bond is posted. *Hammond-Schrock v. Commonwealth*, 86 Va. App. 780, 785 (2026); *see Commonwealth v. Walker*, 253 Va. 319, 323 (1997) (holding that failure to post a required appeal bond is "a fatal jurisdictional defect that cannot be cured"). An appellant may not sidestep the requirement by framing the appeal as a challenge to the lower court's jurisdiction alone. *Mahoney v. Mahoney*, 34 Va. App. 63, 66-68 (2000) (en banc). And a court ordinarily must possess appellate jurisdiction before it may consider whether the order under review is void ab initio. *Amin v. County of Henrico*, 286 Va. 231, 236 (2013).

Each of those principles, however, presupposes what is missing here: a judgment. The bond that Code § 16.1-107(A) demands is security to "satisfy the judgment" appealed from, and its command that no appeal shall be allowed "unless and until" bond is given operates on an appealable judgment of the GDC. Where that court's order is void ab initio, there is no judgment. It is "a legal nullity from which no rights can be created or divested, binding no one and barring no one." *Manley*, 86 Va. App. at 318 (quoting *Hannah*, 303 Va. at 119). A nullity cannot generate the very bond obligation that would bar its own examination.

Deciding whether a bond was a prerequisite to considering Grenadier's appeal therefore required the circuit court to first establish whether there was a judgment to appeal—that is, to determine the reach of its own jurisdiction. That inquiry the court always had authority to undertake, for a court "always has jurisdiction to determine its own jurisdiction." *Lewis*, 266 Va. at 516; *see Holland v. Commonwealth*, 62 Va. App. 445, 451-52 (2013) ("while a court may not be able to adjudicate the merits of a case, it can at least properly enter an order saying that it lacks jurisdiction to do so"). Making that determination did not require the circuit court to reach the merits of the unlawful detainer. It required only recognition of a federal-law event antecedent to

any bond: that when the GDC entered judgment on February 28, 2024, the case stood removed and that court's jurisdiction was suspended, rendering its order void from the moment of entry. *See* 28 U.S.C. § 1446(d); *Lewis*, 266 Va. at 518.

That is why *Amin* and *Mahoney* do not govern. *Amin* holds that an appellate court must have appellate jurisdiction before reaching a voidness challenge—but the court there had acquired it, and the perfection requirement it addressed, stating an assignment of error under Rule 5A:12, was internal to an appeal from an existing conviction order and presupposed a judgment to review. 286 Va. at 236-37. *Mahoney* addressed a valid, quantified arrearage judgment that the appellant simply declined to bond while purporting to appeal only the jurisdiction that produced it; the bond there secured an existing judgment. 34 Va. App. at 66-68. Here the sum the circuit court demanded—$38,800—was fixed in the very order alleged to be a nullity, and no valid judgment existed for a bond to secure. To require the bond in these circumstances would let a void order insulate itself from the one determination that exposes it as void.

Because the GDC's judgment was void ab initio, no bond was required to bring its invalidity before the circuit court, and the absence of a bond did not deprive the circuit court of jurisdiction to say so. The circuit court's province was to resolve that jurisdictional question—not to treat Grenadier's filing as an unperfected appeal from a valid judgment. In doing the latter, it erred.

CONCLUSION

Accordingly, we vacate the circuit court's order and remand with direction that the circuit court enter an order dismissing Grenadier's appeal for lack of jurisdiction, noting therein that the GDC's judgment is void ab initio, and returning the GDC's file to the GDC.[4]

*Vacated and remanded.*

---

[4] A void judgment need not be formally set aside to be without effect. Because the GDC's February 28, 2024 judgment is void ab initio, it "bind[s] no one and bar[s] no one," *Manley*, 86 Va. App. at 318, and supports no enforcement: it will sustain no writ of possession, no collection of the sum it purported to fix, and no bar to a trial of the unlawful detainer on the merits. A void order "may be attacked in any court at any time, directly or collaterally." *Rook v. Rook*, 233 Va. 92, 95 (1987). The disposition we direct thus does not depend on the circuit court's directing the GDC's proceedings—which a court hearing an appeal de novo cannot do. The judgment is void by operation of 28 U.S.C. § 1446(d); the GDC, whose jurisdiction resumed upon the federal remand, must treat it as a nullity, and may vacate its own void order and try the unlawful detainer anew.